IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEAH FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-00363 |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| ENVOY AIR INC., | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, LEAH FIELDS, by and through her attorneys, and for her Complaint against the Defendant, ENVOY AIR INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Specifically, Plaintiff contends that she is an individual with a disability within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of her disability and discharged her because of her disability, in violation of the ADA.

**PARTIES**

3. Plaintiff is a citizen of the United States who at all relevant times resided in Chicago Heights, Illinois.

4. Plaintiff was employed by Defendant beginning during or about June of 2004. At the time of her termination, Plaintiff was employed by Defendant as a Customer Service Representative.

5. On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in Illinois, and whose principal place of business is located in Fort

Worth, Texas.

6. Plaintiff is an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4), as she is an individual employed by an employer, the Defendant herein.

7. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is a "person" engaged in an industry affecting commerce who had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

10. In 2012, Plaintiff suffered a severely broken ankle, which rendered her incapable of performing her job for approximately three years.

11. On November 3, 2015, Plaintiff's doctor cleared her to return to work, but with permanent restrictions which include, but are not limited to, the following:

    a. No standing for more than 15 minutes;

    b. No walking more than 0.43 miles;

    c. No pushing or pulling objects weighing more than 10 pounds;

    d. No kneeling; and

    e. No crawling.

12. Although Plaintiff was able to return to work after November 3, 2015, she still suffers significant chronic pain as a lasting result of her ankle injury.

13. As a result of these restrictions, Plaintiff requested that Defendant allow her to return to work with accommodations which included, but were not limited to, the restrictions listed above.

14. Defendant allowed Plaintiff to return to work at that time, but moved her to a different job than the one she worked prior to her injury.

15. Plaintiff's new position involved long periods of sitting in the same place.

16. Subsequently, Plaintiff requested the accommodation of a replacement chair to sit in while working due to pain from her injury. Defendant replaced the chair with something that more resembled a bar stool.

17. On or about September 14, 2016, Plaintiff was advised by her Shift Manager, Roderick Abrazaldo, that she was being withheld from service pending the results of an investigation.

18. On or about September 21, 2016, Plaintiff was advised by the Bag Team Shift Manager, Abimael Claudio, that she was being terminated because she was sleeping on the job on September 4, 2016.

19. Plaintiff takes pain medication due to her injury which can cause drowsiness, but she denies that she was sleeping on the job on September 4, 2016. Furthermore, many other employees of Defendant have been witnessed sleeping on the job but were not reprimanded or terminated.

## COUNT I

20. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 19 above as if reiterated herein.

21. Defendant intentionally discriminated against Plaintiff on the basis of her disability

in one or more of the following ways:

    a. Failing to reasonably accommodate her disability;

    b. Terminating her because of her disability; and/or

    c. Retaliating against her for requesting accommodations due to her disability.

22. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

23. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff filed a Charge of Discrimination, number 440-2017-00214, with the Equal Employment Opportunity Commission ("EEOC") on October 17, 2016.

    b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on October 20, 2016.

Wherefore, Plaintiff, LEAH FIELDS, respectfully prays this Honorable Court enter judgment against Defendant, ENVOY AIR INC., as follows:

    a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

    b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in

   violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of age;

 d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

 e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

 f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

 g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

 h. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

LEAH FIELDS

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com

/s/ Todd M. Friedman
Attorney for Plaintiff
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com